UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SEAN MICHAEL O'CONNOR,

    Plaintiff,

v.                                        Case No. 5:22-cv-270-TKW/MJF

BRANTLEY CLARK, JR., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On January 30, 2023, the undersigned ordered Plaintiff to file an amended complaint. Doc. 5. The undersigned imposed a deadline of February 21, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On March 7, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of January 30, 2023. Doc. 6. The undersigned imposed a deadline of March 21, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in

dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has not shown good cause and has offered no excuse for his failures. Accordingly, dismissal of this civil action is appropriate.

## III. Conclusion

Because Plaintiff failed to comply with court orders and failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice for failure to comply with court orders and failure to prosecute.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>4th</u> day of April, 2023.

                                       <u>/s/ *Michael J. Frank*</u>
                                       **Michael J. Frank**
                                       **United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**